UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In Re:

Norman Thilman,

                 Debtor.
--------------------------------------------------------x
Marc A. Pergament, Chapter 7 Trustee of the
Estate of Norman Thilman,

                 Plaintiff,

          -against-

Norman Thilman,

                 Defendant.
--------------------------------------------------------x

Chapter 7

Case No. 812-75157-845

Adv. Pro. No. 813-08172-845

**MEMORANDUM DECISION**

       Before the Court is the motion (the "Motion") [ECF No. 33] of the Plaintiff, Marc A. Pergament,

the chapter 7 trustee (the "Trustee") of the bankruptcy estate of the Defendant, Norman Thilman, for entry

of an order pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") as made

applicable by Rule 7037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i)

striking the Defendant's Answer filed on March 18, 2014, and (ii) granting the Trustee a default judgment

against the Defendant revoking his discharge pursuant to 11 U.S.C. §§ 727(e), 727(d)(3) and 727(a)(6).

<u>Jurisdiction</u>

       The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and the Standing Order of

Reference entered by the United States District Court for the Eastern District of New York pursuant to 28

U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012, effective *nunc*

*pro tunc* as of June 23, 2011.  Consideration of the Motion is a core proceeding under 28 U.S.C. §§

157(b)(2)(A), (J) and (O) in which final orders or judgment may be entered by this Court pursuant to 28

U.S.C. § 157(b)(1).

<u>Background</u>[1]

The Defendant filed for chapter 7 relief under title 11 of the United States Code (the "Bankruptcy Code") on August 22, 2012 and the bankruptcy case was assigned to Bankruptcy Judge Dorothy T. Eisenberg.  The Defendant testified at the meeting of creditors held pursuant to 11 U.S.C. § 341 that he had once been a joint owner of real property located at 40 Vista Drive, Manorville, New York with his second wife, Claudia Tracey ("Tracey").  On or about September 16, 2010, the Defendant transferred his interest in the Manorville property to Tracey (the "Transfer") because they were having marital problems and Tracey wanted to make sure she was financially protected.

While the Trustee was conducting an investigation regarding the Transfer, the Defendant received his discharge under 11 U.S.C. § 727 on February 1, 2013.  As part of his investigation, the Trustee requested and received on or about April 18, 2013 copies of the Defendant's 2012 tax returns.  In addition, on July 9, 2013, the Trustee filed a motion pursuant to Bankruptcy Rule 2004 seeking an order (i) authorizing the examination of the Defendant and (ii) directing the Defendant to produce documents (the "Rule 2004 Motion").  After a hearing on notice to the Defendant and his counsel, Rocco & Rocco, P.C. ("Rocco"), with no opposition interposed, Judge Eisenberg entered an order dated August 6, 2013 granting the Rule 2004 Motion (the "Rule 2004 Order").

In accordance with the Rule 2004 Order, the Trustee issued a subpoena (the "Subpoena") addressed to the Defendant at the Manorville property.  The Subpoena directed the Defendant to produce all requested documents to the Trustee by August 20, 2013 and to appear for an examination (the "Rule 2004 Examination") at the Trustee's office on August 29, 2013.  Pursuant to a letter dated August 27, 2013, Rocco notified the Trustee that the Defendant had moved to New Port Richey, Florida (the "Florida Residence")[2] and requested that the Rule 2004 Examination be adjourned "four or five weeks so [the

---

[1] The facts are taken from the pleadings, exhibits, and other papers submitted by the parties in the bankruptcy case and in this adversary proceeding, including the Motion.

[2] Although the Defendant currently resides in Florida, he has neglected to notify the Court officially as to his change of address and the Court's docket still reflects the Manorville property as his residence and where notices from this Court should be sent.

Defendant] and [Rocco] can get [the Trustee] the documents [the Trustee] needs to arrange for [the Defendant] to come to New York for [the Trustee's] examination." The Trustee's counsel attempted to reschedule the Rule 2004 Examination by leaving messages with Rocco on August 28, 2013 and September 4, 2013, and by sending a letter dated September 10, 2013. After not receiving any response, the Trustee's counsel directed, pursuant to a September 18, 2013 letter, the Defendant to appear for his Rule 2004 Examination on October 3, 2013. That letter warned that if the Defendant failed to respond to the Subpoena and appear at the Rule 2004 Examination, the Trustee would pursue all remedies available to him, including the revocation of the Defendant's discharge.

The Defendant failed to produce any of the documents specified in the Subpoena. Pursuant to a letter dated October 3, 2013 (the "October 3, 2013 Letter"), Rocco informed the Trustee's counsel that the Defendant would not be coming to New York for the Rule 2004 Examination as he could not afford the associated travel costs or pay his creditors because he is on disability and one half of his disability payments was subject to garnishment. In addition, Rocco represented that "due to [Defendant's] current financial situation in Florida, he is not concerned about having his discharge revoked." Rocco further advised the Trustee's counsel that the Defendant had informed Rocco that its legal services were no longer needed.

On October 22, 2013, the Trustee commenced this adversary proceeding seeking to revoke the Defendant's discharge under to 11 U.S.C. §§ 727(e), (d)(3) and (a)(6)(A) because he allegedly refused to comply with the Rule 2004 Order as he did not produce the requested documents or appear for his Rule 2004 Examination. Pursuant to section 727(d)(3), the court shall revoke a discharge granted under section 727, after notice and a hearing, if the debtor committed an act specified in section 727(a)(6). 11 U.S.C. § 727(d)(3). Section 727(a)(6) in turn provides for denial of a discharge if "the debtor has refused, in the case – (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify." 11 U.S.C. § 727(a)(6). The purpose of sections 727(d)(3) and 727(a)(6) is to enable a debtor to obtain a discharge early in the case while the trustee is still conducting its investigation as to the estate's assets, but in order to protect the bankruptcy estate and its creditors, such discharge is

subjection to revocation if the debtor later refuses to obey a court order. *Katz v. Araujo (In re Araujo)*, 292 B.R. 19, 22 (Bankr. D. Conn. 2003). See also *Collier on Bankruptcy* ¶ 727.17[5] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.).

The Defendant failed to file an answer or otherwise respond to the Trustee's complaint. Accordingly, on December 3, 2013, the Trustee filed a motion for a default judgment ("Motion for Default Judgment"). On December 20, 2013, Rocco filed an affirmation in opposition to the Motion for Default Judgment (i) representing that it had agreed to undertake the defense of the adversary proceeding on behalf of the Defendant on a *pro bono* basis and (ii) requesting, *inter alia*, a 30-day extension of the Defendant's time to file an answer. After a hearing on the Motion for Default Judgment on January 21, 2014, Judge Eisenberg adjourned the Motion for Default Judgment to permit the Defendant to file a motion to dismiss. On February 4, 2014, the Defendant filed a motion for summary judgment under Fed. R. Civ. P. 56(a), made applicable to this adversary proceeding by Bankruptcy Rule 7056, and dismissal of the adversary proceeding (the "Dismissal Motion") [ECF No. 8] contending that he did not willfully or intentionally disobey the Rule 2004 Order. Assuming that the Trustee's investigation was over, the Defendant asserted that he had destroyed most of his old papers when he moved to his Florida Residence. The Defendant argued that he was unable to locate any additional documents and he had explored the cost of ordering replacement documents, along with the costs associated with appearing at the Rule 2004 Examination, such as airline tickets, rental car, lodging and attorneys' fees, but he lacked the financial ability to comply.

The Trustee filed opposition to the Dismissal Motion on March 6, 2014 disputing the Defendant's contentions that he was cooperative and responsive to the Trustee's requests for documents and the Rule 2004 Examination. Judge Eisenberg denied the Dismissal Motion at a March 13, 2014 hearing, and conditionally granted a default judgment in favor of the Trustee unless the Defendant filed an answer by March 21, 2014. In addition, the Defendant was directed to pay the Trustee $700 for attorneys' fees incurred in opposing the Dismissal Motion.

On March 18, 2014, the Defendant filed an answer (the "Answer"). On April 7, 2014, the Trustee served pursuant to Fed. R. Civ. P. 30, (i) the Plaintiff's First Request for Production of Documents on Rocco seeking the production of documents within 30 days and (ii) the Notice to take Deposition upon Oral Examination ("Deposition Notice"), which deposition was scheduled for May 22, 2014 at the Trustee's offices in New York. The Trustee requested documents relating to the Debtor's finances and the Transfer, which is also the subject of a separate adversary proceeding before this Court under No. 14-8126 commenced by the Trustee against the Debtor, Tracey and other third parties. On May 20, 2014, the bankruptcy case and the related adversary proceedings were transferred to this Judge as a result of Judge Eisenberg's retirement.

On June 19, 2014, the Court entered a scheduling order in this action setting discovery deadlines and scheduling the final pretrial conference. On October 23, 2014, Rocco filed a motion seeking to withdraw as the Defendant's counsel based in part upon irreconcilable strategic differences. The next day, the Trustee filed and served upon Rocco and upon the Defendant at his Florida Residence a motion seeking to strike the Defendant's Answer ("Motion to Strike") [ECF No. 26] due to the Defendant's refusal to respond to the Trustee's discovery request and to appear for his deposition. After a hearing, the Court granted Rocco's motion to withdraw as counsel and directed all actions in this adversary proceeding, including the Motion to Strike, be stayed for a period of 30 days to allow the Defendant time to retain substitute counsel.

At the adjourned hearing on the Motion to Strike held on December 16, 2014, only the Trustee appeared. The Defendant failed to respond to the Motion to Strike and failed to appear at the hearing. The Defendant did not contact the Court to inform the Court that he was unable to appear. Rather than striking the Answer and entering a default judgment, the Court entered an order on December 23, 2014 (the "December 23 Order") [ECF No. 30] directing the Defendant (i) to produce the documents requested by the Trustee in the Plaintiff's First Request for Production of Documents by January 20, 2015 and (ii) to appear for his deposition in New York on January 27, 2015. The December 23 Order also warned the Defendant that "in the event that [the Defendant] fails to comply with the directions set forth [in the

Order], the Plaintiff-Trustee may apply to the Court to strike [the Defendant's] Answer and enter judgment revoking the [Defendant's] discharge and may seek other relief." The Trustee served a notice of entry of the December 23 Order upon the Defendant at his Florida Residence, and filed proof of service with the Court [ECF No. 31].

Despite being afforded ample opportunity to appear and be heard, and despite the clear warning that the failure to respond and be heard may result in the striking of his Answer and entry of a default judgment revoking his discharge, the Defendant failed to comply with the December 23 Order and did not provide a reason for his failure to do so. He did not file a motion to quash or seek a protective order with respect to any of the Trustee's discovery requests. On February 12, 2015, the Trustee filed and served upon the Defendant at his Florida Residence this Motion for an order pursuant to Fed. R. Civ. P. 37 striking the Defendant's Answer and the entry of a default judgment revoking the Defendant's discharge. Consistent with his conduct of repeatedly failing to file responsive pleadings and appear at scheduled court hearings, the Defendant yet again failed to respond or otherwise oppose the relief sought by the Trustee nor did he appear at the March 12, 2015 hearing on the Motion. The Defendant did not contact the Court to inform the Court that he was unavailable or otherwise unable to attend the hearing.

Discussion

It is undisputed that the Defendant failed to appear for his deposition as requested by the Trustee under Fed. R. Civ. P. 30(a)(1), and also failed to comply with the Court's December 23 Order directing his appearance. When a party fails to appear for the party's deposition after being served with proper notice or fails to serve a written response to a properly served notice to inspect documents, the court upon motion may impose sanctions against a party for failure to participate in the discovery process. Fed. R. Civ. P. 37(d).[3] A

---

[3] Fed. R. Civ. P. 37(d)(1)(A)(i) and (ii) provide as follows:

> (A) **Motion; Grounds for Sanctions.** The court where the action is pending may, on motion, order sanctions if:
>> (i) a party . . . fails, after served with proper notice, to appear for that person's deposition; or
>> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

court order is not a prerequisite to sanctions under Rule 37(d), *Jobe O. v. Pataki*, No. 03 Civ. 8331RCCKNF, 2007 WL 844707, *3 (S.D.N.Y. Mar. 15, 2007); *Buffalo Laborers Welfare Fund v. Elliott*, No. 04-CV-516S, 2008 WL 907385, *2 (W.D.N.Y. Mar. 31, 2008), and sanctions may include those listed in Fed. R. Civ. P. 37(b)(2)(A).[4]

In addition, where a party to an action fails to obey an order to provide or permit discovery, the court may impose sanctions against the disobedient party under Fed. R. Civ. P. 37(b)(2)(A). The justification for imposing sanctions under Fed. R. Civ. P. 37(b)(2)(A) is threefold: (a) to ensure that the disobedient party will not benefit from its own failure to comply; (b) to deter noncompliance by the disobedient party with respect to the order issued, and (c) to deter other litigants from willfully disobeying court discovery orders. *Granillo v. Belco Pipe Restoration*, No. 13-CV-685 (JFB)(WDW), 2014 U.S. Dist. LEXIS 32039, at *3-4 (E.D.N.Y. Mar. 10, 2014) (citing *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)).

Sanctions the court may impose for a party's violation of Fed. R. Civ. P. 37(d)(1)(A)(i) and (ii) and 37(b)(2)(A) are similar. Fed. R. Civ. P. 37(d)(3) (stating that sanctions for violation of Fed. R. Civ. P. 37(d)(1) may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)). Rule 37(b)(2)(A) permits a court to "issue further just orders" for a party's noncompliance with discovery obligations, which may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

---

[4] Fed. R. Civ. P. 37(d)(3) provides in pertinent part that where a violation under Fed. R. Civ. P. 37(d)(1)(A)(i) or (ii) has occurred, "[s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

While Rule 37(b) authorizes the court to impose sanctions on a party for failing to comply with discovery obligations or a discovery order, the sanctions imposed must be "'just'" and "'must relate to the particular claim to which the discovery order was addressed.'" *Granillo,* 2014 U.S. Dist. LEXIS 32039, at *4 (quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991)). "The Court must scrutinize the manner and extent of the discovery request, the degree of fault which the party complained of rightly bears for the failure to comply, and whether noncompliance follows prior court involvement in the discovery process." *Geltzer v. Giacchetto (In re Cassandra Group)*, No. 02-2549, 2006 Bankr. LEXIS 3453, *8-9 (Bankr. S.D.N.Y. Mar. 30, 2006) (quoting *Erie Materials, Inc. v. Barnholdt (In re Barnholdt)*, 74 B.R. 760, 763-64 (Bankr. N.D.N.Y. 1987)).

Factors considered by the court in exercising its discretion to impose discovery sanctions include: (1) the duration of the disobedient party's failures, (2) whether the disobedient party had received notice that further delays would result in dismissal, (3) whether the opposing party in the action is likely to be prejudiced by further delay, (4) the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the efficacy of lesser sanctions have been considered. *Granillo*, 2014 U.S. Dist. LEXIS 32039, at *6 (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994)). See also, *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) (When assessing whether a district court properly exercised its discretion in imposing sanctions under Rule 37, the Second Circuit looks to (1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the non-compliant party had been warned).

The relief requested by the Trustee in his Motion, the striking of the Answer and entry of a default judgment, is the harshest of the sanctions set forth under Rule 37 and "is to be granted sparingly and in extreme circumstances." *Cassandra Group*, 2006 Bankr. LEXIS 3453, at *9. Strong sanctions should be imposed only for severe violations of discovery orders that are due to willfulness, bad faith or culpable behavior on the part of the disobedient party. *Granillo*, 2014 U.S. Dist. LEXIS 32039, at *4 (citing *Daval Steel Prods.*, 951 F.2d at 1367); *Barnholdt*, 74 B.R. at 764 (severe sanctions should be imposed only when a

8

party demonstrates "bad faith, willfulness, or gross negligence with respect to a discovery request, or where there has been a total failure to answer") (internal citations omitted).

The Defendant's failure to comply with the Plaintiff's First Request for Production of Documents and the Deposition Notice resulted in the Trustee having to file two separate motions to strike the Answer. Both motions were served upon the Defendant at his Florida Residence, thus giving the Defendant adequate notice that the Trustee sought to strike the Defendant's Answer and have a default judgment entered revoking the Defendant's discharge. In addition to the two motions to strike, the Court's December 23 Order also cautioned the Defendant about the consequences of his failure to comply with the Court's order directing him to produce the requested documents and to appear for his deposition. Based upon affidavits of service filed by the Trustee with respect to the two motions to strike and the notice of entry of the December 23 Order, the Defendant received ample notice of the consequences of his noncompliance and of the sanctions under Fed. R. Civ. P. 37(b)(2)(A) sought by the Trustee. There is no evidence that any of the notices and motions served by the Trustee on the Defendant at his Florida Residence were returned undeliverable. From his inaction, the Court can only infer that the Defendant is indifferent to the potential consequences of his failure to comply with the Trustee's discovery request and the Court's December 23 Order.

This adversary proceeding has been pending for more than one and a half years. Since filing his Answer on March 18, 2014, the Defendant has not actively defended this action. The Defendant's intention to cease participating in his own defense has caused a complete standstill of this adversary proceeding, and his continued noncompliance with the Trustee's discovery request and the December 23 Order impairs the Trustee's ability to prepare effectively for trial.

By his conduct, the Defendant has seemingly expressed his intention not to defend this action. He failed to retain substitute counsel for his withdrawn counsel, failed to respond to the motions to strike his Answer and failed to comply with the December 23 Order. However, the striking of the Defendant's Answer and the entry of a default judgment that would result in the revocation of the Defendant's discharge are extremely harsh measures, particularly when considered in light of former counsel's implication that the Defendant's limited financial resources may be the reason for his failure to travel from Florida to New York

to appear for his deposition rather than an unwillingness to comply.  A party desiring a deposition of a person pursuant to Fed. R. Civ. P. 30(a) must give reasonable written notice of the time and place of the deposition. Fed. R. Civ. P. 30(b)(1).  "As a general rule, a party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order designating a different place."  *New Medium Techs. LLC v. Barco N.V.*, 242 F.R.D. 460, 465 (N.D. Ill. 2007).  See also *Trehan v. Von Tarkanyi*, 85 B.R. 920, 932 (S.D.N.Y. 1988).  However, there is "'an initial presumption that a defendant should be deposed in the district of his residence or principal place of business.'" *Arabi Gin Co. v. Plexus Cotton, Ltd. (In re Joseph Walker & Co., Inc.)*, 472 B.R. 696, 700 (Bankr. D.S.C. 2012) (quoting *Armsey v. Medshares Mgmt. Servs., Inc.*, 184 F.R.D. 569, 571 (W.D. Va. 1998)); *Trehan*, 85 B.R. at 933.  While the Defendant has neglected to update his official place of residence on the Court's docket, it is clear from Rocco's papers filed with the Court and the Trustee's own affidavits of service with respect to the motions to strike and the notice of entry of the Court's December 23 Order that the Defendant currently resides in Florida on a permanent basis.  Although the Trustee and Rocco had sought to arrange for a deposition via videoconference, this did not occur for reasons unknown to the Court.  If either the Defendant or Rocco had filed a motion for protective order, absent some unusual circumstances justifying putting the Defendant through the inconvenience of traveling to New York to appear for the Trustee's deposition, the Court could have considered changing the location of the deposition.  *Joseph Walker & Co., Inc.*, 472 B.R. at 700; *Trehan*, 85 B.R. at 933.

Notwithstanding the absence of a motion for a protective order before the Court, federal courts have broad discretion to manage the manner in which discovery proceeds and to issue "just" orders to compel compliance with discovery requests.  *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003); *Joseph Walker & Co., Inc.*, 472 B.R. at 700; *Trehan*, 85 B.R. at 933.  In particular, courts have substantial discretion to designate the time and place of a deposition after considering the facts and equities of the case.  *Sheftelman v. Standard Metals Corp. (In re Standard Metals Corp.)*, 817 F.2d 625, 628 (10th Cir. 1987); *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (S.D.N.Y. 2011)(citing cases in New York where depositions have been ordered to be held elsewhere or by telephone where a party is

physically or financially unable to go to the forum of the litigation); *Al-Rayes v. Willingham (In re Willingham)*, No. 3:11-ap-00269-JAF, 2014 WL 3697556, *4 (Bankr. M.D. Fla. July 18, 2014); *Borromeo v. Household Finance Corp. III (In re Borromeo)*, No. 10-8057-TJM, 2012 WL 3780540, * 2 (Bankr. D. Neb. Aug. 31, 2012). In determining whether a different location is appropriate, courts have considered a number of factors, including whether the time, expense, litigation efficiency, and inconvenience of travel presents a special hardship for the deponent. *Standard Metals Corp.*, 817 F.2d at 628 (finding a protective order can be issued to protect a party from undue burden or expense); *New Medium Techs. LLC*, 242 F.R.D. at 467; *Borromeo*, 2012 WL 3780540, at *2.

Here, it appears that the expense of traveling to New York may have been a cost prohibitive factor for the Defendant. A modification of the Court's December 23 Order to provide for a deposition of the Defendant in or near Tampa, Florida within 60 days would eliminate the Defendant's assertion of financial inability as a basis for his failure to comply with the Trustee's Deposition Notice or with the Court's December 23 Order.

In addition, the fact that the Defendant is no longer represented by legal counsel should also not be a basis for the Defendant's failure to appear at the deposition. Having answered the complaint he still is required to comply with the Bankruptcy Rules and this Court's discovery orders or seek the appropriate relief from the Court. "[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (affirming district court's judgment granting defendants' motion to dismiss due to plaintiff's failure to comply with a discovery order). Modifying the December 23 Order to permit the deposition to take place near the Defendant's Florida Residence is "just". It would, however, be the final opportunity for the Defendant to comply with his discovery obligations in this action. Failure by the Defendant to attend a deposition in Florida or to respond to the First Request for Production of Documents in violation of a modified order of the Court will likely result in a renewed motion by the Trustee requesting the imposition of more severe

11

sanctions under Fed. R. Civ. P. 37(b)(2)(A), including the striking of the Answer and entry of a default judgment which would revoke the Defendant's discharge.

Conclusion

For the foregoing reasons, the Trustee's Motion to strike the Defendant's Answer and  enter a default judgment under Rules 37(d)(3) and 37(b)(2)(A)(iii) and (vi) of the Federal Rules of Civil Procedure is denied.

Separate orders will be issued concurrent with this Memorandum Decision denying the Trustee's Motion and modifying the December 23 Order.



**Dated: July 9, 2015**
**Central Islip, New York**

**Louis A. Scarcella**
**United States Bankruptcy Judge**